IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE GOVENDER HATCHET, | ) |
| Plaintiff, | ) ) ) |
| | ) NO. 3:20-cv-00693 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| ALEJANDRO MAYORKAS, | ) MAGISTRATE JUDGE NEWBERN |
| Secretary of the U.S. Department of | ) |
| Homeland Security, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is a Motion to Dismiss (Doc. No. 14) filed by Defendants Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security, Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services, and Daniel W. Andrade, Director of the Nashville Field Office of U.S. Citizenship and Immigration Services (collectively "Defendants"). Plaintiff filed a Response (Doc. No. 29), and Defendants filed a Reply (Doc. No. 31). For the reasons stated herein, the motion will be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mike Govender Hatchet ("Hatchet") is a citizen of Sierra Leone. (Am. Compl., Doc. No. 28 ¶3). Hatchet was paroled into the United States in December 2002 in El Paso, Texas. (*Id*. ¶39). In November 2015, Hatchet married Lovelyne Hatchet, née Emefesi ("Lovelyne"). (*Id*. ¶31). In August 2016, Lovelyne, a naturalized citizen, filed an I-130 Petition for Alien Relative (the "Petition") with the United States Citizenship and Immigration Services ("USCIS") on behalf of Hatchet. (*Id*. ¶32; Doc. No. 1-2). Hatchet filed his own I-485 Application for Adjustment of

Status (the "Application") in conjunction with Lovelyne's Petition. (Doc. No. 28 ¶33; Doc. No. 1-4).[1]

One of the many questions the Application asks applicants is:

> Have you EVER been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal, or recission proceedings?

(Doc. No. 1-4, PageID #37). Hatchet answered "no." (*Id*.). The cover letter that Hatchet's attorney submitted with the Application stated that Hatchet had previously been in removal proceedings but stated that USCIS still had jurisdiction over the Application. (Doc. No. 1-5). USCIS requested additional information from Hatchet about his admission into the United States, (Doc. No. 1-6), and Hatchet responded (Doc. No. 1-7). Through counsel, Hatchet provided the requested information and again stated that he had previously been in removal proceedings and noting the jurisdiction of USCIS to adjudicate the Application. (*Id*.). Hatchet completed an interview on the Application on August 9, 2018. (Doc. No. 28 ¶41).

On January 24, 2019, Hatchet's application was denied. (*Id*. ¶42; Doc. No. 1-8). USCIS, based on their records, found that Hatchet was ineligible for an Adjustment of Status because, on or after September 30, 1996, Hatchet falsely claimed to be a United States citizen. (*Id*.).

On February 24, 2019, Hatchet filed a Motion to Reopen and Reconsider, which included a brief rebutting the finding that Hatchet had declared himself to be a United States citizen when he entered the country in 2002. (Doc. No. 28 ¶44; Doc. No. 1-9). USCIS issued its decision in May 2020. (Doc. No. 1-11). The decision does not discuss Hatchet's alleged claim of citizenship, but rather denies the Application anew on the grounds that Hatchet failed to disclose that he was in removal proceedings at the time of filing and at the time of his interview. (*Id*.).

---

[1] Both Hatchet and Lovelyne's petitions are dated July 8, 2016. (*See* Doc. Nos. 1-2, 1-4). Both documents are noted as having been received by USCIS on August 7, 2016. (*See* Doc. Nos. 1-2, 1-3).

On October 29, 2020, after Plaintiff filed this lawsuit, USCIS *sua sponte* reopened Plaintiff's case and reconsidered the May 19, 2020 decision. Upon reconsideration, USCIS again denied Plaintiff's petition for adjustment of status on grounds that Plaintiff is inadmissible. (Doc. No. 15-1). As grounds for inadmissibility, USCIS gave three reasons. First, that Plaintiff was inadmissible because, in 2012, he "sought to obtain admission into the United States, or other benefit under the INA by fraud or willfully misrepresenting a material fact" by failing to disclose that he had two children with a woman who was not the U.S. citizen to whom he claimed to have a bona fide marriage. (*Id*. at 5-6). Second, that Plaintiff is inadmissible because, in 2002, he falsely claimed to be a U.S. citizen when he applied to admission to the United States at a pedestrian entry point at Paso Del Norte, El Paso, Texas. (*Id*. at 6). Finally, the Decision stated that the adjustment of status is a discretionary benefit and USCIS determined exercising discretion in favor of admitting Plaintiff was not warranted for reasons included concerns about Plaintiff's true identity and nationality, reason to doubt a previously established credible fear of returning to Sierra Leone, and a list of acts found to "reflect poorly on [Plaintiff's] moral character." (*Id*. at 7-8). Plaintiff, with leave of Court, filed an Amended Complaint following the agency's November 2020 decision. (Doc. No. 28).

The Amended Complaint alleges that Defendants violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et. seq*., when they denied his petition. Plaintiff seeks review of that decision, arguing that it was clearly erroneous and that he was denied the opportunity to respond.

Defendants filed a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend the Court lacks subject matter jurisdiction to review USCIS denial of Plaintiff's application for adjustment of status because review of such decision is expressly precluded by the Immigration and Nationality Act ("INA"), 8 U.S.C. §

3

1252(a)(2)(B)(i). In the alternative, Defendants argue the Amended Complaint fails to state a claim upon which relief can be granted. Because the issue of jurisdiction is dispositive, the Court does not reach the merits.

## II. STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church*, 847 F.3d at 816-17 (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). Defendants state that they are raising a facial attack on subject matter jurisdiction in this case. (Doc. No. 15 at 2).

## III. ANALYSIS

Hatchet brings this suit under the Administrative Procedures Act ("APA"). "The APA does not independently grant subject-matter jurisdiction to the federal courts." *Barrios Garcia v. U.S. Dep't. of Homeland Sec.*, 25 F.4th 430, 440 (6th Cir. 2022). Rather, subject-matter jurisdiction in APA cases is derived from the federal-question jurisdiction statute. *Id*. The relevant inquiries, then, are whether the APA permits judicial review in this case and whether "another

4

statute…independently strips the federal courts of subject-matter jurisdiction over Plaintiff['s] claims." *Id*.

Defendants claim 8 U.S.C. § 1252(a)(2)(B)(i) precludes judicial review of USCIS's denial of Plaintiff's application for adjustment of status. The statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title[.]

8 U.S.C. § 1252(a)(2)(B)(i).

Defendants argue this provision strips the Court of jurisdiction over any judgment regarding the adjustment of status under Section 1255. Defendants are correct that this Court lacks the jurisdiction to review a judgment under the APA where a plaintiff seeks review of factual determinations made by the agency. The plain language of the statute divests the Court of jurisdiction to review agency decisions under Section 1255. *See Patel v. Garland*, ––– U.S. –––, 142 S. Ct. 1614, 1621 (2022) ("Section 1252(a)(2)(B)(i) strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under [Section] 1255."); *Fernandes v. Miller*, No. 22-CV-12335, 2023 WL 1424171, at *4 (E.D. Mich. Jan. 31, 2023) (concluding the plain text of "Section 1252(a)(2)(B)(i) stripped the court of subject matter jurisdiction to review USCIS's denial of Fernandes's application for adjustment of status").

Hatchet contends that Defendants' reliance on *Patel* is overbroad because Hatchet was not in removal proceedings and the *Patel* court did not reach the question of the jurisdictional bar in proceedings other than those. While Hatchet is correct that the Supreme Court did not explicitly

5

reach that question, the *Patel* decision does provide brief, but informative, insight on this point, stating:

> Patel and the Government also briefly suggest that interpreting § 1252(a)(2)(B)(i) as we do will have the unintended consequence of precluding all review of USCIS denials of discretionary relief. Those decisions are made outside of the removal context, and subparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal. If the jurisdictional bar is broad and subparagraph (D) is inapplicable, Patel and the Government say, USCIS decisions will be wholly insulated from judicial review.
>
> The reviewability of such decisions is not before us, and we do not decide it. But it is possible that Congress did, in fact, intend to close that door. The post-*St. Cyr* amendments expressly extended the jurisdictional bar to judgments made outside of removal proceedings at the same time that they preserved review of legal and constitutional questions made within removal proceedings. *See* §§ 1252(a)(2)(B), (D). And foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief. *See Lee v. USCIS*, 592 F.3d 612, 620 (CA4 2010) ("To the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals during removal proceedings"). So it would be difficult to maintain that this consequence conflicts with the statutory structure, and neither Patel nor the Government goes so far.

*Patel*, 142 S. Ct. at 1626–27.

Considering the *Patel* court's guidance, this Court reaches the same conclusion as myriad other district courts considering the question Hatchet raises in this case: 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of USCIS's adjustment of status determination. *See Atanasovska v. Barr*, 640 F. Supp. 3d 816, 818 (W.D. Tenn. 2022) (finding the same and noting "[t]he Court does not believe that *Patel* is distinguishable because it involved a removal proceeding as opposed to the USCIS's denial of Plaintiff's Application for Adjustment of Status or Motion to Reopen and Reconsider."); *Taleb v. Mayorkas*, No. CV 22-10409, 2023 WL 1928558, at *3 (E.D. Mich. Feb. 10, 2023) ("[T]his Court concludes that USCIS's decision to deny Plaintiff's application for adjustment of status, including the factual findings on which that decision is based, are not subject

6

Case 3:20-cv-00693   Document 43   Filed 09/29/23   Page 6 of 7 PageID #: 329

to judicial review."); *Fernandes* 2023 WL 1424171, at *4 ("[T]he fact that Fernandes is not currently in removal proceedings does not meaningfully distinguish this case from *Patel*. Section 1252(a)(2)(B)(i) strips this Court of subject matter jurisdiction to review USCIS's denial of Fernandes's application for adjustment of status.") As a result, the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Doc. No. 38) will be **GRANTED**, and this case will be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE